958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guadalupe LOPEZ, Defendant-Appellant.
 No. 90-10198.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 17, 1992.
Decided March 20, 1992.
 
 Before GOODWIN, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Guadalupe Lopez appeals his conviction on conspiracy and possession charges arising out of a search of his house in which evidence was found that was used against Lopez and three codefendants.
 
 
 3
 Other codefendants have appealed, but Lopez has raised discrete questions which are not so related to the other appeals that this appeal should be delayed while the others are being briefed.
 
 
 4
 We will consider first the legality of the search of Lopez's house. Following a suppression hearing, the trial court made findings of fact on disputed questions and concluded that the warrant was sufficient. Objections to the warrant and the scope and the methods of the search were renewed during the trial but no request was made for a Franks hearing, see Franks v. Delaware, 438 U.S. 154 (1978), nor was any attempt made to impeach the warrant after a prosecution witness whose information had been instrumental in obtaining the warrant changed his mind about some of the events and created questions about his credibility. On this record we have no basis for reversal with reference to the search. The warrant was lawful on its face and the search conformed to the warrant in all material respects.
 
 
 5
 We turn next to the assertion that the superceding indictment after the mistrial (caused by the defection of an erstwhile "cooperating" witness) constituted vindictive prosecution. We find no basis for sustaining this assertion. The government added a count of possession of marijuana to the previous counts of possession of cocaine but the count exposed Lopez to no substantial risk of greater punishment than Lopez faced under the guideline sentencing for the preexisting counts of conspiracy and possession with reference to cocaine.
 
 
 6
 Lopez has briefed and argued additional assignments of error but none require discussion.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3